1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NATHAN A. TOTTEN,                          No.  2:22-cv-0810 KJN P

12                 Plaintiff,

13         v.                                     ORDER

14    SACRAMENTO COUNTY JAIL, et al.,

15                 Defendants.

16

17         Plaintiff is a former county jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant

18    to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20    § 636(b)(1).

21         On May 31, 2022, plaintiff was ordered to file a certified copy of his inmate trust account.

22    (ECF No. 5.)  On June 24, 2022, plaintiff filed a change of address to a private residence in

23    Redding, and provided a copy of his inmate trust account statement.

24         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

25    Accordingly, the request to proceed in forma pauperis is granted.

26         As discussed below, plaintiff fails to state a cognizable civil rights claim, and this action is

27    dismissed with leave to amend.

28    ////

1

Plaintiff's Complaint

Plaintiff claims that on December 3, 2021, Amanda Mayberry made a false report claiming plaintiff robbed her.  Plaintiff was arrested on January 5, 2022.  At booking, plaintiff was told his charges were resisting arrest and possession of a controlled substance.  But once inside the jail, plaintiff was told he was charged with assault with intent to rape in commission of a burglary.  Plaintiff contends he was forced to go into protective custody because the false charges put him in fear for his life.  Three days later plaintiff was given his charges in court and the assault with intent to rape was not filed because no such allegation was made.  Plaintiff claims the Redding Police Department made up this charge to defame plaintiff's character and put him in harm's way.  Such false charges were printed in the newspaper and broadcast on the news. Plaintiff raises claims of false arrest, due process, and defamation of character.  Plaintiff seeks money damages.  Plaintiff names the Redding Police Department and three Jane/John Does as defendants.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

2    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

3    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

4    this standard, the court must accept as true the allegations of the complaint in question, Hosp.

5    Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

6    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

7    McKeithen, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act

9           To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

10   federal constitutional or statutory right; and (2) that the violation was committed by a person

11   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

12   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

13   rights claim unless the facts establish the defendant's personal involvement in the constitutional

14   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

15   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

16   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

17   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

18   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

19   supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

20   established in a number of ways, including by demonstrating that a supervisor's own culpable

21   action or inaction in the training, supervision, or control of his subordinates was a cause of

22   plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

23   Discussion

24          False Arrest/False Imprisonment

25          Although plaintiff contends that the complaining victim made a false report, plaintiff fails

26   to include any facts raising an inference that plaintiff was detained without probable cause.  See

27   Baker v. McCollan, 443 U.S. 137, 143 (1979).  Thus, plaintiff's allegations concerning false

28   arrest and false imprisonment might give rise to state tort law claims, but do not give rise to a

3

1   claim under the United States Constitution.  West, 487 U.S. at 48 ("To state a claim under § 1983,

2   a plaintiff must allege the violation of a right secured by the Constitution").  Tort claims, without

3   established diversity jurisdiction, should be brought in state court.  See generally 28 U.S.C.

4   § 1332.

5         As to plaintiff's due process claim, individuals have a constitutional due process right "not

6   to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated

7   by the government."  Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc).

8   Here, plaintiff alleges that the false report was brought by a private citizen, not the government.

9         Defamation

10        Plaintiff's defamation of character claim is also not cognizable under 42 U.S.C. § 1983.

11  Defamation, standing alone, does not state a constitutional claim, even when done under color of

12  state law.  See Paul v. Davis, 424 U.S. 693, 701-10 (1976); Rutledge v. Arizona Board of

13  Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719

14  (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter

15  jurisdiction over claim of slander by police officer because no violation of federal right).

16  Accordingly, plaintiff's defamation claim must be dismissed for failure to state a claim for relief,

17  and without leave to amend.

18        To the extent plaintiff attempts to raise a due process claim in the context of his

19  defamation claim, such effort is also unavailing.  In a § 1983 action, injury to reputation alone is

20  not enough to state a claim.  "The procedural due process rights of the Fourteenth Amendment

21  apply only when there is a deprivation of a constitutionally protected liberty or property interest."

22  WMX Techs., Inc. v. Miller, 197 F.3d 367, 373 (9th Cir. 1999).  The Supreme Court has made it

23  clear that reputation alone is not an interest protected by the Constitution.  Id.  "[R]eputational

24  harm alone does not suffice for a constitutional claim."  Miller v. California, 355 F.3d 1172, 1178

25  (9th Cir. 2004).

26        Plaintiff fails to plausibly allege a civil rights claim under 42 U.S.C. § 1983, or any other

27  federal civil rights provision.  Rather, plaintiff may have state law tort claims, which can only be

28  litigated in state court.  Therefore, plaintiff has not sufficiently alleged jurisdiction under either 28

4

U.S.C. § 1343 or 28 U.S.C. § 1331 (general federal question).[1]  Because plaintiff alleges no separate cognizable federal claim, as explained above, plaintiff's complaint must be dismissed.  It is unclear whether plaintiff can amend his complaint to state a cognizable civil rights claim.  However, in an abundance of caution, plaintiff is granted leave to amend.

Jane/John Doe Defendants

Plaintiff failed to name an individual as a defendant.  Rather, all of the defendants named, with the exception of the Redding Police Department, are identified as "Jane/John Doe" defendants.

First, plaintiff does not identify each defendant doe and his or her alleged act or omission which plaintiff contends violated his constitutional rights.  This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights.  In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved.  If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Second, plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint.  Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must

---

[1]  Of course, if plaintiff raised a cognizable civil rights claim, the court could exercise supplemental jurisdiction over related state law claims.  28 U.S.C. § 1367(a).  However, plaintiff would be required to plead compliance with the California Tort Claims Act ("CTCA").  Cal. Gov. Code §§ 911.2, 945.4; Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (noting that the CTCA requires "timely presentation of a written claim and [ ] rejection" and a "plaintiff must allege compliance or circumstances excusing compliance").

promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  Additionally, unknown persons cannot be served with process until they are identified by their real names.  The court will not investigate the names and identities of unnamed defendants.  Plaintiff must identify at least one defendant by name so that service of process can be accomplished; then plaintiff can attempt to identify other defendants through discovery.[2]  In his amended complaint, plaintiff should provide the name of at least one individual named as a defendant.

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

---

[2]  Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

1 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

2 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

3 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

4 and the involvement of each defendant must be sufficiently alleged.

5  In accordance with the above, IT IS HEREBY ORDERED that:

6  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7  2.  Plaintiff's complaint is dismissed.

8  3.  Within thirty days from the date of this order, plaintiff shall complete the attached

9 Notice of Amendment and submit the following documents to the court:

10  a.  The completed Notice of Amendment; and

11  b.  An original of the Amended Complaint.

12 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

13 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

14 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

15  Failure to file an amended complaint in accordance with this order may result in the

16 dismissal of this action.

17 Dated:  July 20, 2022

18

19

20 /tott0810.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHAN A. TOTTEN,                      No. 2:22-cv-0810 KJN P

                       Plaintiff,
12

13         v.                              NOTICE OF AMENDMENT

14   REDDING POLICE DEPT., et al.,

                       Defendants.
15

16         Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                   _____        Amended Complaint

19   DATED:

20

21                                          _____
                                            Plaintiff
22

23

24

25

26

27

28

                                             1